301 So.2d 787 (1974)
Robert BLACK, As Executor of the Estate of Renee Simon, Appellant,
v.
Joe HART, Appellee.
No. 74-191.
District Court of Appeal of Florida, Third District.
September 17, 1974.
Rehearing Denied November 5, 1974.
Smathers & Thompson and Jose R. Garcia-Pedrosa, Miami, for appellant.
Joseph Pardo, Miami, for appellee.
Before PEARSON and HENDRY, JJ., and RAWLS, JOHN S., Associate Judge.
PEARSON, Judge.
The appellant, Robert Black, as executor of the estate of Renee Simon was the plaintiff in the trial court. The appellee, Joe Hart, was defendant. The executor appeals a final judgment for defendant Hart entered after a non-jury trial.
*788 The executor's complaint was predicated upon the provisions of § 732.53, Fla. Stat., which reads in relevant part as follows:
* * * * * *
"... any person taking, converting or intermeddling with the property of a decedent shall be liable to the personal representative or curator, when appointed, for the value of all the property so taken or converted and for all damages to the estate of the deceased caused by his wrongful action; ..."
* * * * * *
The cause was tried upon a stipulated statement of fact as follows:
"That when Renee Simon, the deceased, died on February 6, ... 1971, that she died in Dade County. That prior to the time she died, she executed two checks drawn on her account at the Long Island Trust Company, one for $20,000, and one for $5,000 drawn on the Community National Bank & Trust Company. Those two checks are attached as Plaintiff's Exhibits A and B.
"That Mr. Joe Hart, the defendant here, received those two checks and had cashed the two checks on February 8, 1971. And that's the position that we have.
"THE COURT: She died when?
"MR. PARDO: She died February 6, 1971.
"MR. ANDERSON: That's very briefly the facts. I'm not positive that is all that is necessary.
"Suit was filed by the Executor to recover the $25,000 which the checks total."
The appellant relies upon Johnston v. Thomas, 93 Fla. 67, 111 So. 541 (1927) for reversal. In that case under somewhat similar facts, the Supreme Court held:
"It follows that such bank balances and bonds were still assets of the estate of John Johnston at the time of his death, and that the court below should have required defendant Thomas to account for them to the lawful administrator of the estate subsequently appointed.
* * * * * *
"Under the law as hereinabove set forth, we conclude that the court below was in error in allowing defendant Thomas credit for the $500 paid to himself out of the funds of the estate coming into his hands to reimburse him for the amount which the evidence tends to show he had advanced to the deceased during his lifetime as part payment on the purchase of the Terra Ceia property. As we have already seen, an executor de son tort cannot pay to himself any debt due him by the deceased, no matter how just and valid it may be, and must account for any sum so paid to the lawful administrator subsequently appointed. For payment of his debt, he must look to the lawful administrator just the same as any other unpaid creditor of the estate." 111 So. at 550-551.
The cited case appears to be controlling but the trial court did not follow the decision because he felt that § 674.405, Fla. Stat. (effective Jan. 1, 1967) changed the applicable law. Section 674.405 is a part of the Uniform Commercial Code and is as follows:
"674.405 Death or incompetence of customer. 
"(1) A payor or collecting bank's authority to accept, pay or collect an item or to account for proceeds of its collection if otherwise effective is not rendered ineffective by incompetence of a customer of either bank existing at the time the item is issued or its collection is undertaken if the bank does not know of an adjudication of incompetence. Neither death nor incompetence of a customer revokes such authority to accept, pay, collect or account until the bank knows of the fact of death or of an adjudication *789 of incompetence and has reasonable opportunity to act on it.
"(2) Even with knowledge a bank may for ten days after the date of death pay or certify checks drawn on or prior to that date unless ordered to stop payment by a person claiming an interest in the account."
This section appears in "Part IV" of the Code as it appears in the Florida Statutes. Part IV is entitled "Relationship Between Payor Bank And Its Customer." Appellant urges that the section applies only to the liability of a bank for the payment of a check and was not intended to change section 732.53, Fla. Stat., which is a part of the Florida Probate Law.
The purpose of section 732.53, Fla. Stat., as determined by the Supreme Court in Johnston v. Thomas, supra, is to require that all the assets of an estate be turned over to the personal representative. Section 674.405, Fla. Stat., as a part of the Uniform Commercial Code, does not have the effect of changing this important relationship between the personal representative and persons having claims against the estate. This view is supported by the Official Comment to UCC 4-405 (§ 674.405, F.S.A.):
* * * * * *
"This section does not prevent an executor or administrator from recovering the payment from the holder of the check. It is not intended to affect the validity of any gift cause mortis or other transfer in contemplation of death, but merely to relieve the bank of liability for the payment."
* * * * * *
We hold that as between the personal representative and a claimant in an estate, section 732.53, Fla. Stat., is controlling, and upon the authority of Johnston v. Thomas, 93 Fla. 67, 111 So. 541 (1927), the judgment appealed must be reversed.
Reversed.